IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40007
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO CASIANO-BLASCO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1422-1
--------------------

Before JOLLY, DENNIS, and CLEMENT, and Circuit Judges.

PER CURIAM:[*]

Ernesto Casiano-Blasco (Casiano) appeals his 57-month sentence imposed following his guilty-plea conviction for possession with intent to distribute in excess of 500 grams of cocaine. Casiano argues that the district court clearly erred by finding that his offense involved jointly undertaken criminal conduct and that Casiano thus was responsible for the amount of cocaine smuggled by his co-defendant.

Casiano's statements, as detailed in the presentence report (PSR), reveal that he recruited his co-defendant to import cocaine

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on behalf of his employer and he assisted her in secreting the cocaine on her person. As such, Casiano acted in concert with his co-defendant and with his employer to smuggle cocaine into the United States, and thus, was involved in jointly undertaken criminal activity. See § 1B1.3(a)(1)(B) & comment n.2. Casiano's relevant conduct properly included the cocaine that he helped his co-defendant to import into the United States as it was reasonably foreseeable that such quantity of cocaine was within the scope of their joint enterprise. See id. Accordingly, the district court's findings that Casiano's offense involved jointly undertaken criminal conduct and that Casiano thus was responsible for the amount of cocaine imported by his co-defendant were not clearly erroneous. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

Casiano argues that the district court automatically disqualified him from receiving a minor-role reduction because he imported drugs. The record reflects that the district court denied Casiano a minor-role reduction because his role in transporting the cocaine into the United States involved conduct that was critical to the success of the drug importation scheme. Casiano's assertion is unsupported by the record and is meritless.

Casiano next argues that the district court clearly erred by denying him a minor-role reduction because, as a drug courier, he was substantially less culpable than others involved in the drug importation scheme. Casiano's participation as a courier in an

enterprise that transported more than four kilograms of cocaine into the United States was indispensable to the success of the drug-trafficking organization. Moreover, Casiano was not merely a drug courier as he recruited his co-defendant to participate in the drug importation scheme. Casiano has not shown that he was substantially less culpable than the average participant in the scheme, and thus, the district court did not clearly err by denying him a minor-role reduction. See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995); Villanueva, 408 F.3d at 203 & n.9.

Finally, Casiano argues that, because his sentence was based on the district court's erroneous factual findings, his sentence was unreasonable. Casiano's contention that his sentence was unreasonable is grounded in the arguments raised and rejected in this appeal. Because the district court sentenced Casiano within a properly calculated guideline range, Casiano's sentence is presumed to be reasonable, and he has failed to rebut the presumption. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Accordingly, we affirm Casiano's sentence.

AFFIRMED.